## LITTLE *vs.* PADDLEFORD & a.

Where A. covenanted to grant, convey and assure a certain tract of land, by a good and sufficient deed, to be made and executed according to law, with proper covenants of seizin, right to convey, against incumbrances and of warranty, it was *held* that the covenant of A. was for the conveyance of a perfect title, and that the requirements of the covenant were not complied with by the execution and tender of a deed in the form prescribed in the covenant; the estate, at the time of the execution of the deed, being encumbered by a mortgage.

Where the question was, whether there was a subsisting incumbrance upon a tract of land, by way of mortgage, and it was shown that the deed of mortgage had been assigned to a person residing in the city of Boston, and that the deed, and the notes upon which it was predicated, were in the possession of the assignee, and upon request made the assignee refused to annex the mortgage and notes to a deposition given by him to be used in the cause, it was *held* that an office copy of the mortgage deed, from the registry of deeds, was competent and admissible evidence upon the question at issue.

COVENANT, founded upon an agreement under seal, dated September 27, 1839, alleged to have been executed by the plaintiff of the one part, and the defendants, Peter Paddleford and Cyrus Eastman, of the other part; by the said Eastman, under the signature of Eastman, Mattocks & Co.

The declaration alleged, that on said 27th of September, 1839, in consideration that the plaintiff agreed to grant, convey and assure to the said Paddleford and Eastman, on or before the first day of January then next, by a good and sufficient deed, a certain tract of land in Littleton in said county, the defendants promised to pay the plaintiff the sum of $3387.50, as follows, viz.: $1500 when the deed was executed, as covenanted and agreed; $1000 in one year from that time, and $887.50 in two years; and that the plaintiff, on said first day of January, did execute a good and sufficient deed, according to the tenor and effect of said indenture, and offer the same to the defendants, who have not paid, &c.

The defendants pleaded *non est factum*, and also that the plaintiff did not grant, convey and assure to the defendants the said tract of land on said first day of January, 1840, or offer to do so.

Issue was joined on both pleas.

On the trial, the plaintiff gave in evidence an agreement under seal, dated September 27, 1839, between the plaintiff of the one part, and Peter Paddleford and Eastman, Mattocks & Co. of the other part, by which it appeared that the plaintiff agreed, on or before the first day of January then next, by a good and sufficient deed to be by him made and executed according to law, to grant, convey and assure to them, the said Paddleford, and Eastman, Mattocks & Co., a certain tract of land in Littleton, with proper covenants of seizin, right to convey, against incumbrances and of warranty, and on the other hand that the said Peter Paddleford and Eastman Mattocks & Co. contracted to pay the plaintiff the sum of $3387.50, of which $1500 were to be paid when the deed was executed.

The defendants excepted to this agreement as evidence in support of the declaration, on the ground of a variance from the agreement stated in the declaration; but the court overruled the objection, and permitted the agreement to go to the jury. The plaintiff then moved to amend the declaration, so as to conform to the indenture offered in evidence, and the court permitted the amendment.

The plaintiff then offered a deed, dated January 1, 1840, duly executed by George Little and Jane Little, his wife, purporting to convey said tract of land to Peter Paddleford and Eastman, Mattocks & Co., and read a part of a deposition tending to prove that the plaintiff on said first day of January offered said deed to Peter Paddleford, and demanded the money due by the terms of the agreement; to which said Paddleford replied, that he had not got the money at the time, and proposed to let the plaintiff have some notes, which the plaintiff declined to receive.

The defendants then read from the deposition aforesaid some passages, tending to prove that at the time referred to, when the plaintiff offered said deed to Paddleford, the plaintiff said that the money was going to his father, Moses Little, or a Mr. Sawyer, who held a mortgage on said tract of

land, and he must have the money or something that would satisfy his father or said Sawyer; and also that the plaintiff said he had sent for a discharge of the mortgage, or a power of attorney for that purpose, and that it would come during the time Paddleford wanted to raise the money.

The defendants then offered a copy of the record from the Grafton county registry of deeds, of a mortgage deed, George Little to Moses Little, dated October 26, 1829, and duly executed and recorded October 29, 1829, conveying to the said Moses Little the aforesaid tract of land in fee and in mortgage, conditioned to be void on the payment by the said George Little of his two notes of the same date for $3000.00, the last of which was payable December 20, 1831; and also a copy of the record of the assignment of said mortgage deed, together with said two notes, by said Moses Little to Matthias P. Sawyer, dated June 26, 1835, and duly executed and recorded.

The plaintiff objected, that the production of these copies did not prove a mortgage subsisting on the first day of January, 1840, and that other evidence was necessary to show that the notes were at that time unpaid.

The defendants then offered evidence to prove, that on the first day of January, 1840, Matthias P. Sawyer, then and now a resident of Boston, in Massachusetts, held a mortgage purporting to be executed by George Little to Moses Little, and conforming in all respects to the office copy before referred to, together with the notes described in the condition thereof, and that the mortgage and notes were assigned to him by Moses Little, on the 26th day of June, 1835, and that on said first day of January, 1840, the said mortgage remained in his hands undischarged, and the said notes unpaid, and that up to the 27th day of April, 1841, nothing had been paid upon said notes, either of principal or interest;—That prior to January 1, 1840, the said Sawyer forwarded to Henry A. Bellows, of Littleton, his quitclaim deed, releasing said tract of land to the said Moses Little, which deed the

said Bellows was to deliver to said Moses Little on the pay-ment. or security of a certain sum of money, and that this was done in accordance with an arrangement made between the said Sawyer, Moses Little and the plaintiff; but that the conditions in regard to the delivery of said deed had not been performed. The plaintiff objected, that this evidence was not competent to prove that any debt existed secured by a mortgage on the land, but that the notes and mortgage should be produced. It also appeared that the said Sawyer refused to annex said mortgage deed and notes to the deposition of the said Sawyer, containing the aforesaid evidence, though requested so to do on the part of the defendants. The fore-going objections were overruled by the court.

It was admitted, that the defendants entered into posses-sion of the premises on the 20th of October, 1839.

The defendants contended, at the trial, that the tender of the deed by the plaintiff on the first day of January, 1840, did not constitute a performance of the conditions precedent on the part of the plaintiff, inasmuch as the land was proved, by the evidence offered by the defendants, to be at the time encumbered with the mortgage aforesaid.

A verdict was taken, by consent, for the plaintiff, for $1700.00, the amount of the first instalment, and interest, which it was agreed should be reduced to the sum of $400; that being the sum agreed by the parties to be the difference in the value of the land at the time the indenture was made, and the time of the trial, if the court should be of the opinion that this was the proper measure of damages; and judgment was to be then rendered for the latter sum, or judgment was to be rendered on the verdict, or the verdict was to be set aside and a new trial granted, according to the opinion of this court upon the foregoing case.

*Ainsworth,* for the plaintiff. The action is covenant. One partner cannot bind another by deed. The contract was signed by Cyrus Eastman, by the name of Eastman, Mattocks &

Little v. Paddleford.

Co. But, nevertheless, Paddleford and Cyrus Eastman, the defendants in the action, were alone bound by the contract. The other members of the firm of Eastman, Mattocks & Co. were not bound by it. There was, therefore, no variance between the declaration and the proof offered in support of it.

The main question is, whether the covenant was for the execution of a deed, such as is described in the contract, or for the conveyance of a perfect title. We say that it was for a deed only. A deed is shown to have been executed and tendered, in the form prescribed by the agreement, and so the contract was fully performed on the part of the plaintiff. Nothing more was required of him. 23 *Wend.* 66 ; 3 *T. R.* 360; 2 *Johns. R.* 95, 130; 11 *Ditto* 525.

*Bellows,* for the defendants. We insist that the exception taken at the trial to the contract given in evidence by the plaintiff ought to prevail. The contract set up in this declaration, and that offered in evidence, are not between the same parties. That declared on is between the plaintiff and Peter Paddleford and Cyrus Eastman, and that offered in evidence is between the plaintiff and Paddleford, and the firm of Eastman, Mattocks & Co.

Moreover, the plaintiff alleges a performance of the contract, by the execution of a deed to the defendants only; and, in support of that allegation, gave in evidence a deed purporting to convey the land to the defendants and Henry Mattocks and Ebenezer Eastman; said Cyrus Eastman and Henry Mattocks and Ebenezer Eastman composing the firm of Eastman, Mattocks & Co.

The amendment made in effect allowed the introduction of other parties into the writ than were originally embraced in it. Such a proceeding was not warranted. 16 *Pick.* 434 ; *Pickett* vs. *King,* 4 *N. H. Rep.* 212.

As to the merits, we say that the contract was for the conveyance of a good title. It was not for a deed only, good in form. The estate was encumbered, and the plaintiff had

not the power to convey a good title.    The plaintiff's cove-
nant was, therefore, never performed.

A purchaser is not bound to accept and pay for the title,
if it be in doubt.    16 *Vesey, Jr.* 272 ; 4 *Bro. Ch. Rep.* 80 ;
5 *Maddock's R.* 371 ; 10 *Johns. R.* 266 ; 11 *Ditto* 525 ;
2 *S. & R.* 500 ; 2 *Johns.* 595 ; 3 *Fairfield* 460 ; 2 *Greenl.*
22 ; 2 *Shepley* 276.

WOODS, J.    It is not necessary to determine the question
of variance between the allegations in the declaration, and
the proofs offered in their support ; nor is it necessary to con-
sider the question of the propriety of the amendment allowed
at the trial.

The question of the competency of the secondary evi-
dence admitted at the trial to prove the existence of the in-
cumbrance upon the estate described in the contract declared
on, has not been urged in argument at this bar, but has been
very properly waived.    The exception taken at the trial can-
not legally be sustained.    Application was made to Sawyer,
who was shown to possess the mortgage and notes given by
George Little to Moses Little, constituting the incumbrance
in question, and which said Moses Little had assigned to
him ; but he refused to annex the original mortgage or notes
to his deposition, as the defendants desired and requested him
to do.    Sawyer resided at Boston, beyond the jurisdiction of
the courts in this state, and of course could not be compelled
to produce the original notes and mortgage in evidence here.
The defendants, then, when they requested Sawyer to annex
the original notes and mortgage to his deposition, did all that
was in their power to have the same present at the trial, and
to give the same in evidence in this cause.    They in fact
did all that was by law required of them, in order to lay the
foundation for the introduction of the secondary evidence.
It was their right, then, to make the proof of the fact in
question by secondary evidence.

The character of the secondary evidence offered was not

exceptionable. A copy of the mortgage deed, embracing a description of the notes, together with the testimony of Sawyer, and the admissions of the plaintiff detailed in the case, was, under the circumstances of the case, clearly competent proof of the existence of the incumbrance in question.

Regarding the fact of the existence of the incumbrance upon the land as being made out upon competent proof, the main question in the case, and that which involves the whole merits of the controversy, remains to be settled.

Did the plaintiff, on the first day of January, 1840, so far perform the covenant contained in the contract, on his part, as to entitle him to demand a performance by the defendants of the stipulations of the contract, on their part to be performed? The plaintiff, as a performance of the contract on his part, tendered a deed to the defendants, in form sufficient, and in that particular in compliance with the requirements of the covenant. No question is made upon the form of the deed, or the manner of its execution. But the estate was encumbered at the time of the tender.

The proper and material enquiry, then, is, whether the defendants contracted for a deed only, with sufficient covenants of seizin, right to convey, against incumbrances, and of warranty, or for a deed, with such covenants, and at the same time conveying to them a perfect title to the estate? Did the plaintiff covenant to convey a good title, and sufficiently assure it, or only to execute a deed, good and sufficient in form, with covenants of warranty and assurance, but conveying no title; or, if any, an imperfect one?

In determining this question, we are to be guided by the language of the contract. The whole question depends upon a sound construction of the language of the instrument. From it we are to ascertain the intention of the parties, so far as we may, and by our decision to carry out that intention.

As the case finds, the plaintiff " agreed, on or before the first day of January then next, (1840,) by a good and suffi-

cient deed to be by him made, and executed according to law, to grant, convey and assure to them, the said Paddleford, and Eastman, Mattocks & Co., a certain tract of land in Littleton, with proper covenants of seizin, right to convey, against incumbrances and of warranty."

Had it not been for the apparent confidence of the counsel who argued this cause on the part of the plaintiff, in the correctness of the position assumed and attempted to be maintained by him, it would never have occurred to us that any reasonable doubt existed as to the true construction of the covenant, or as to the duty imposed upon the plaintiff, by the terms of the contract under consideration.   The language employed was, that the plaintiff agreed " to grant, convey, deed, assure, &c., a certain tract of land," and it was to be by a deed executed according to law.    Here is a contract, then, using terms the broadest, and most comprehensive and direct, for a conveyance of a tract of land, and for an assurance of the title, by the execution of a deed in the most common form of conveyances in use at the present time.

If the form of the deed in which the conveyance was to have been made had not been stipulated for in the contract, we see not how it could have been considered open to doubt that a good title was the subject matter of the contract, and that the covenant of the plaintiff was one for the conveyance of such a title to the land.    And we are of opinion that that circumstance is not of sufficient weight to control the otherwise obvious meaning of the instrument.

It is common and reasonable, that one contracting to sell and convey land should enter into stipulations in regard to the form of the deed; and certainly the fact that a person should so do, would not naturally or properly lead to the conclusion that it was a deed only in that form, which he contracted to give; while, at the same time, in the broadest and most explicit terms, and expressly, the contract is " to grant and convey the land."    To grant and convey land means something more than to execute a deed, in legal form, of land of which one has either no title at all, or an imperfect one.

And we are all of the opinion, that the covenant of the plaintiff in this case required him to convey to the defendants a perfect and indefeasible title, and to assure the same by a deed in common form, and with the usual full covenants. The undertaking was for a conveyance, good in form and substantially operative in fact upon the title, and vesting it in the defendants free from incumbrance.

In *Judson* vs. *Wass*, 11 *Johns.* '584, it was decided, that a contract to execute a deed with covenant of warranty, was not merely a contract that the grantor should execute a deed containing such a covenant, but was a contract that he had the power, and would give a deed conveying an indefeasible title.

So, also, in *Everson* vs. *Kirtland*, 4 *Paige's R.* 628, it was holden that "a covenant to cause to be conveyed, by a good and sufficient warrantee deed, is not complied with by the mere giving of a warrantee deed, where the grantor has no title to the land, or where his title is imperfect. It must be a deed good and sufficient, both in form and substance, to convey a title to the land."

These authorities we think go very far to support the view which we have taken of the question under consideration.

The opinion of the court, therefore, is, that the verdict must be set aside, and that there must be

*Judgment for the defendants.*